**KOLLER LAW LLC**
David M. Koller, Esq. (90119)                                               *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MONIQUE JONES,** | : | **Civil Action No.** |
| **5236 Delancey Street** | : | |
| **Philadelphia, PA 19143** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **THE SCHOOL DISTRICT OF** | : | |
| **PHILADELPHIA,** | : | |
| **5700 Willows Avenue** | : | |
| **Philadelphia, PA 19143** | : | |
| | : | |
| **440 N Broad Street** | : | |
| **Philadelphia, PA 19130** | : | |
| Defendant. | : | |

### CIVIL ACTION

Plaintiff, Monique Jones (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against The School District of Philadelphia (hereinafter "Defendant"), for violations of the Age Discrimination in Employment Act ("ADEA"), and the Pennsylvania Human Relations Act ("PHRA").  In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, the School District of Philadelphia is the Philadelphia public

school district with a location at 5700 Willows Avenue, Philadelphia, PA 19143 and with a headquarters located at 440 N Broad Street, Philadelphia, PA 19130.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the ADEA and the PHRA.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging age discrimination against Defendant.

14. The Complaint was assigned a Charge Number of 530-2021-01589 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated April 21, 2021. Plaintiff received the notice by mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was born on July 19, 1966.

21. In 2002, Defendant hired Plaintiff in the position of Food Service Worker.

22. Plaintiff was well qualified for her position and performed well.

23. In or around 2006, Plaintiff was transferred to Client Staffing.

24. Plaintiff was well qualified for her position and performed well.

25. On August 24, 2020, Plaintiff reported to School of the Future, where she had worked for the last four (4) years.

26. However, the Principal informed Plaintiff that she had been transferred, but Defendant had not notified her of this.

27. That same day, Plaintiff reported to Defendant's Administrative Office and inquired about her transfer.

28. Defendant informed Plaintiff that he was transferred to Longstreth Elementary School.

29. However, Plaintiff was unable to start until September until September 21, 2020.

30. On September 21, 2020, Plaintiff began working at Longstreth Elementary School.

31. Plaintiff immediately noticed that Tisha Douglas (30's), Principal, was short with her and commented that she was "slow".

32. Plaintiff believes that Ms. Douglas' comments were related to her age.

33. Plaintiff also noticed that she was the oldest employee at her location.

34. On or around October 22, 2020, Defendant gave Plaintiff a Chromebook in order to her to work from home due to the COVID-19 pandemic.

35. However, Ms. Douglas did not provide her with the link necessary for her to log into her Chromebook.

36. Plaintiff called and texted Ms. Douglas for approximately two (2) weeks, but she did not respond.

37. Plaintiff was unable to work due to being unable to log in.

38. In or around early November 2020, Plaintiff called Nicole Hunt, Union Representative, and informed her that she was unable to log in to her computer to work remotely.

39. Ms. Hunt informed Plaintiff that she had been terminated due to excessive absences.

40. Defendant terminated Plaintiff for absences that she acquired to do being unable to log in.

41. When Plaintiff complained about her termination, Ms. Hunt stated that she should retire and refused to address her complaint.

42. Plaintiff believes Ms. Hunt's comment was directed towards her age.

43. Plaintiff had 68 sick days at the time of her termination.

44. However, Defendant refused to use her available time.

45. Defendant set Plaintiff up for failure by refusing to give her the remote log in information and then terminated her for it.

46. However, Plaintiff's younger coworkers were given Chromebooks and passwords and were able to work from home.

47. It is Plaintiff's position that she was discriminated against due to her age in violation of the ADEA.

## COUNT I – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

48. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

49. Plaintiff was born on July 19, 1966.

50. Plaintiff was qualified to perform the job.

51. Defendant treated younger employees more favorably than Plaintiff.

52. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

53. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

54. Defendant terminated Plaintiff.

55. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT II – AGE DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

56. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

57. Plaintiff was born on July 19, 1966.

58. Plaintiff was qualified to perform the job.

59. Defendant treated younger employees more favorably than Plaintiff.

60. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

61. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

62. Defendant terminated Plaintiff.

63. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Monique Jones, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: July 20, 2021  **By:**  */s/ David M. Koller*
David M. Koller, Esquire (90119)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com

*Counsel for Plaintiff*